JOURNAL ENTRY and OPINION
Appellant Carolyn Burke appeals from the decision of the trial court granting legal custody of her son to appellee Douglas Melton. We dismiss for lack of a final appealable order.
On April 30, 1997, Melton filed an application to determine child support. On February 3, 1999, Melton filed a motion for allocation of parental rights and responsibilities. After a hearing, on November 4, 1999, the magistrate made the following decision:
 "The Father shall be given full credit for mortgage payments made on the property at 958 Sheryl Drive, Cleveland, Ohio 44109 while the premises were occupied by the Mother in his absence and Father shall not have additional income computed to him for a second full time job he no longer works. Case continued * * *.
Burke filed objections to the magistrate's decision. On December 21, 1999, the trial court sustained Burke's objections, and set the matter for further evidentiary hearing.
On March 1, 2000, a hearing was held at which all parties were present with counsel, and the magistrate prepared a supplemental report.
On November 20, 2000, the trial court considered the magistrate's supplemental report, vacated its December 21, 1999 decision, and affirmed the November 4, 1999 magistrate's decision.
Burke appealed this decision in Case No. 78982, but she ignores this judgment entry completely in her appellate brief.
On June 29, 2000, Melton filed an ex parte motion for emergency temporary custody of the child. This motion was immediately granted. On July 17, after a full hearing, the trial court held that temporary custody of the child was to remain with Melton.
On December 6, 2000, the magistrate found the following:
 "Child's temporary custody is terminated is committed to the legal care an.Child custody of his Father Douglas Melton. Father is to complete a parenting class by 5-01-01. Mother is to continue to engage in individual therapy, complete an anger management class and continue parent education. Mother's visitation shall be unsupervised pending further order of Court. Mother may petition the Court for an expansion of visits upon completion of parenting and anger management in accord with the Magistrate's supplemental report.
 Case continued to 3-21-01 at 1:30 p.m. for final determination of support. All orders not specifically modified herein [illegible] full force and effect. (Emphasis added.)
On March 2, 2001, the trial court affirmed the magistrate's decision. On March 28, 2001, Burke appealed the trial court's decision, designated Case No. 79414.
On May 2, 2001, an agreed judgment entry was filed which the parties filed as a "partial resolution of Douglas Melton's Motion to Terminate Child Support and Motion to Stay Disbursement of Child Support.[1]
Burke did not appeal this order.
Case Nos. 78982 and 79414 were consolidated. Burke raises the following assignments of error:
 I. ON JULY 17, 2000, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED TEMPORARY CUSTODY OF CHRISTOPHER MELTON-BURKE TO APPELLEE; SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Burke did not file an appeal of this temporary custody order. Furthermore, since permanent custody has already been determined this assignment of error is moot.
 II. ON DECEMBER 7, 2000, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED LEGAL CUSTODY OF CHRISTOPHER MELTON-BURKE TO APPELLEE; SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED UPON AN IMPROPER STANDARD OF REVIEW.
Because the juvenile court's order expressly deferred determination of child support to a later date, we must determine whether we have jurisdiction to review the merits of the matter at hand.
When a juvenile court determines custody but defers its decision on child support issues to another date, said decision does not constitute a final appealable order pursuant to R.C. 2505.02(B). See Berends v. Pearn
(Jan. 27, 2000), Cuyahoga App. No. 76755 and 76768, unreported.
Here, although the trial court granted legal custody to Melton, it did not make a determination regarding child support issues. Thus, the court's judgment in this case is not yet final. Accordingly, Burke's appeal is dismissed.
It is, therefore, considered that said appellee recover of said appellant his costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P. J. and JAMES J. SWEENEY, J. CONCUR.
[1] This order terminated Melton's child support. It was signed by all parties and the magistrate on March 21, 2001, seven days before the appeal was filed. It was not adopted and approved by the trial court judge until May 2, 2001.